**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-2371-STA |
| | ) | |
| AMERICAN MERCANTILE | ) | |
| CORPORATION, a corporation, | ) | |
| INGREDIENTS CORPORATION OF | ) | |
| AMERICA d/b/a BARZI BRAND, a | ) | |
| corporation, and DAMON S. ARNEY, an | ) | |
| individual, | ) | |
| | ) | |
| Defendants. | ) | |

---

**ORDER DENYING DEFENDANTS' MOTION FOR COURT-ORDERED MEDIATION
AND
ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION FOR
STAY**

---

Before the Court is Defendants American Mercantile Corporation and Damon S. Arney's

Motion for Court-Ordered Mediation and Extension of Deadlines (D.E. # 20) filed on December 2,

2011, and Defendants' Motion for Stay (D.E. # 30) filed on January 5, 2012. Plaintiff United States

of America has filed a response in opposition to the Motion for Court-Ordered Mediation and stated

to counsel for Defendant that it would oppose Defendants' Motion to Stay. For the reasons set forth

below, Defendants' Motion for Court-Ordered Mediation is **DENIED**, and Defendants' Motion for

Stay is **GRANTED IN PART, DENIED IN PART**.

## BACKGROUND

Plaintiff seeks permanent injunctive relief against Defendants for alleged violations of the Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq., including preparing, packing, and holding food under unsanitary conditions.[1]  According to Defendants' Motion for Court-Ordered Mediation, the parties have conduct settlement negotiations for some time, resolved several issues, and yet reached a stalemate as to other issues.  Defendants believe that the parties are therefore close to a settlement and that court-ordered mediation would lead to a more efficient resolution of the case. The United States has filed in conjunction with its own motion for summary judgment (D.E. # 22) a response in opposition (D.E. # 21) to Defendants' Motion for Court-Ordered Mediation.  The government argues that the parties have already engaged in negotiations predating the filing of this suit and that those attempts to settle were not productive.  At this juncture in the case, there are no disputed issues of fact, and so summary judgment is appropriate.  For these reasons, the United States disagrees that mediation would assist the parties in concluding the matter.  According to the government, Defendants have bargained for "concessions that the FDA never makes in cases of this nature."  Furthermore, the government opposes mediation and any court-ordered settlement conference would force counsel for the United States to travel to this District at expense of the federal government.  Therefore, Plaintiff argues that the Court should deny Defendant's Motion for Court-Ordered Mediation.

On January 5, 2012, Defendants filed their Motion for Stay, requesting that the Court stay further litigation in this case until such time as the Court rules on Defendants' Motion for Court-

---

[1] The United States has previously brought suit against Defendants for similar conduct in *United States v. 35/15 kg poly mesh bags*, no. 09-2271-SHM-dkv (W.D. Tenn. 2009).

Ordered Mediation. Specifically, Defendants seek an additional thirty (30) days, following the conclusion of court-ordered mediation or in the alternative from the date the Court denies the Motion for Court-Ordered Mediation, in which to respond to Plaintiff's motion for summary judgment. Defendants also cite the fact that Plaintiff's Rule 56 motion includes over 2,800 pages of documents and supporting exhibits. Defendants, therefore, require more time in which to prepare a response to Plaintiff's motion. In their Amended Certificate of Consultation, Defendants state that Plaintiff opposes a stay of the case and objects to any additional discovery. Although Plaintiff opposes a thirty-day extension of Defendants' deadline to respond to the motion for summary judgment, Plaintiff is not opposed to a two- to three-week extension.

## ANALYSIS

The Court finds that Defendants' Motion for Court-Ordered Mediation is not well-taken at this time. The Court believes that compelling court-ordered mediation where one party is unwilling to participate would be unproductive. The United States has clearly stated its opposition to mediation based on the issues presented in the case and the parties' unsuccessful attempts to negotiate a settlement on their own. Therefore, Defendants' Motion for Court-Ordered Mediation is **DENIED**. Likewise, Defendants' Motion for Stay is **DENIED**.

Defendants have, however, shown good cause for an extension of time in which to respond to Plaintiff's motion for summary judgment. Defendants seek an additional thirty days to prepare their response to the motion. Despite the government's opposition to that amount of time, the Court finds good cause to grant Defendants thirty days from the entry of this Order in which to respond to the motion for summary judgment. Defendants' Motion states in a footnote that "[a]fter Defendants complete their examination of all of the material submitted by Plaintiff, additional discovery may

3

also be required."  Plaintiff has expressed opposition to the taking of any additional discovery.

Because Defendants have not directly requested this relief in their Motion or otherwise shown why

discovery is needed pursuant to Rule 56(d), the Court need not consider the issue here.  Therefore,

Defendants' request for extension is **GRANTED**.  Defendants' response brief to Plaintiff's motion

for summary judgment is due within thirty (30) days of the entry of this Order.

     **IT IS SO ORDERED.**

                         **s/ S. Thomas Anderson**
                         S. THOMAS ANDERSON
                         UNITED STATES DISTRICT JUDGE

                         Date: January 19th, 2012.