IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-2371-STA |
| | ) | |
| AMERICAN MERCANTILE | ) | |
| CORPORATION, a corporation, | ) | |
| INGREDIENTS CORPORATION | ) | |
| OF AMERICA a/k/a BARZI | ) | |
| BRAND, a corporation, and | ) | |
| DAMON S. ARNEY, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANTS' MOTION FOR DISCOVERY**

Before the Court is Defendants' Motion for Extension of Time to Conduct Discovery (D.E. # 33) filed on February 3, 2012. Plaintiff United States of America has filed a response in opposition to Defendants' Motion. The Court conducted a hearing on the Motion on May 29, 2012. For the reasons set forth below, Defendants' Motion for Discovery is **DENIED**.

**BACKGROUND**

This case involves alleged violations of the Food, Drug, and Cosmetic Act ("FDCA") by Defendants, two local businesses engaged in the handling and processing of food products. Defendants deal in various spices, sauces, seeds, dried food goods, and other similar items. The products are stored in bulk and packaged for sale in a facility in North Memphis. According to the pleadings and the government's motion for summary judgment, until recently, Defendant American

1

Mercantile Corporation ("American Mercantile") had operated out of a facility on Farmville Road in Memphis. Defendant Ingredients Corporation of America a/k/a Barzi Brands ("Ingredients Corp."), a subsidiary of American Mercantile, operated out of a facility on Huron Avenue in Memphis. Defendants have consolidated their operations and relocated to a new facility on Warford Street. Prior to the move, Defendants had been found in violation of the FDCA based on conditions at the Farmville Road and Huron Avenue facilities in 2009. The government previously brought an *in rem* seizure action against Defendant American Mercantile based on the violations at the Farmville Road facility in 2009 and under the terms of a consent decree confiscated and destroyed Defendant's inventory.[1]

More recently, Food and Drug Administration ("FDA") inspectors conducted a site visit at Defendant's Farmville Road facility in October 2010. The inspection revealed that the facility continued to have pest and insect problems that threatened the safety and quality of the food. Inspectors also observed places where a black substance, which employees said was roof tar, had dripped onto the floor of the facility. Numerous other violations related to the safety and cleanliness of the facility are alleged in the inspectors' report. During an FDA inspection of the Warford Street facility in November 2010, inspectors observed the presence of insects and rodent filth, dirty food processing equipment, and an employee with hair hanging out of his hair net. Thereafter, the parties engaged in an attempt to negotiate a settlement of the compliance issues. When those attempts failed, the government filed this enforcement action.

---

[1] *See United States v. 35/15 poly mesh bags*, no. 09-2271-SHM (W.D. Tenn. filed May 1, 2009).

2

On December 12, 2011, the United States moved for summary judgment, seeking a permanent injunction based on Defendants' repeat violations of the FDCA.  Although Defendants have filed a response in opposition to summary judgment, Defendants also filed the instant Motion for Discovery.  Defendants seek an opportunity to depose the three FDA inspectors who conducted the November 2010 inspection of the Warford Street facility.  Defendants argue that this particular inspection is significant in this case.  According to Defendants, the government seeks future injunctive relief based in part on conditions that existed in November 2010, a matter now of almost nineteen months ago.  Defendants emphasize that two of its three facilities where past violations occurred are now closed.  Taken together, these facts suggest that there is not a likelihood of future violations.  Therefore, a permanent injunction is not warranted.

Defendants argue that depositions of the FDA inspectors will provided unspecified details about the conclusions the inspectors reached.  Defendants also suggest that they will question the FDA inspectors about the results from a more recent Tennessee Department of Agriculture ("TDA") inspection from June 2011.  According to Defendants, that inspection did not reveal any of the violations reported from the November 2010 FDA inspection.  Defendants seek an opportunity to question the FDA inspectors about their "depth of knowledge or lack of knowledge regarding the TDA inspection."[2]  Defendants are requesting a discovery period to conduct these depositions and then 30 days in which to file a response to the motion for summary judgment.

In its response in opposition, the government takes the position that Defendants already have the FDA inspectors' report as well as hundreds of additional pages of documentary discovery.  The government argues that even if Defendants are allowed to depose the inspectors, any additional

---

[2] Defs.' Mot. for Disc. 5–6 (D.E. # 33).

information will not change the summary judgment ruling. The United States asserts that Defendants' request for discovery is too vague in that Defendants simply argue for their need for more facts but without showing how those facts will create a material dispute to preclude summary judgment. The government further contends that none of the relevant factors for analyzing Rule 56(d) motions weigh in favor of granting Defendant's request. For these reasons, the United States asks the Court to deny Defendants' Motion.

## ANALYSIS

Federal Rule of Civil Procedure 56(b) permits a claiming party to move for summary judgment "at any time until 30 days after the close of all discovery."[3] Thus, it is clear that a claiming party may seek summary judgment very early in the proceedings even before the parties have had the opportunity to conduct formal discovery. On the other hand, a non-moving party must receive "a full opportunity to conduct discovery" in order to respond to a motion for summary judgment.[4] To that end Rule 56(d) provides that the court may "allow time to obtain affidavits or declarations or to take discovery."[5] In order to invoke Rule 56(d), however, the party opposing the motion for summary judgment must show "by affidavit or declaration that, for specified reasons, it cannot

---

[3] Fed. R. Civ. P. 56(b).

[4] *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719-20 (6th Cir. 2004). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231-32 (6th Cir.1994) ("[in light of *Anderson* and *Celotex,*] a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery").

[5] Fed. R. Civ. P. 56(d)(2).

present facts essential to justify its opposition."[6] The Sixth Circuit has ruled that the filing of an affidavit and/or motion pursuant to Rule 56 is a necessary prerequisite to granting extensions of time for the purpose of obtaining additional discovery to respond to a motion for summary judgment.[7] Rule 56 also requires that "a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information."[8] The Sixth Circuit has held that it is not an abuse of discretion for the district court to deny the Rule 56 request for discovery when the party "makes only general and conclusory statements [in its affidavit] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [claim] to be discovered."[9]

Applying these principles to the circumstances in the case at bar, the Court finds that Defendants' Motion is not well taken. Defendants seek an opportunity to depose the three FDA

---

[6] Fed. R. Civ. P. 56(d).

[7] *Plott v. Gen. Motors Corp.,* 71 F.3d 1190, 1196 (6th Cir.1995). The Court notes that amendments to Rule 56 took effect on December 1, 2010. The case law on motions for additional discovery under Rule 56 discuss the former subdivision (f). The comments to the 2010 amendments indicate that "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Other than recasting subdivision (f) as subdivision (d) and some other stylistic changes, the Court finds that the new subdivision (d) does not significantly differ from the old version of the rule. Therefore, the Court holds that the case law construing the former Rule 56(f) continues to control the application of the new Rule 56(d).

[8] *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000). *See also CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008).

[9] *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir.1999). *See also Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989) (not an abuse of discretion to reject a Rule 56(f) affidavit as insufficient to support further discovery when the affidavit lacks "any details" or "specificity").

inspectors who conducted the on-site inspection of the Warford Street facility in November 2010 and prepared a report about their findings. Defendants have satisfied the technical requirements of Rule 56 by filing a proper motion and affidavit requesting discovery, and viewing the record in the light most favorable to Defendants, the Court would agree that the parties have not heretofore engaged in any meaningful fact discovery. Nevertheless, Defendants have failed to set forth with any specificity what materials facts the depositions of the three FDA inspectors will reveal. At the motion hearing, counsel referred to the need to "flesh out" the conclusions of the report. However, the Court finds that Defendants' description is too general and conclusory to justify relief under Rule 56(d). Defendants have not shown how the discovery would permit them to more fully respond to the pending motion for summary judgment. In fact, Defendants have filed a response in opposition to the motion. In light of Defendants' failure to establish what specific facts the discovery would provide, the Court need not consider the Rule 56(d) balancing factors.[10] Therefore, Defendants' Motion is **DENIED**.

Also before the Court is Defendants' Motion for Leave to File a Sur-reply (D.E. # 43). The United States has responded in opposition to Defendants' request to file a sur-reply. While it is true that this Court typically disfavors the filing of sur-replies, the Court finds good cause to grant Defendants' leave to file such a brief here. For the reasons stated in Defendants' memorandum, the

---

[10] The Sixth Circuit has developed the following relevant factors for courts to consider when addressing a Rule 56(d) motion: (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests. *Plott*, 71 F.3d at 1196-97.

Motion for Leave to File a Sur-reply is **GRANTED**.  Defendants are directed to file their sur-reply brief within fourteen (14) days of the entry of this order.

    **IT IS SO ORDERED.**

                                             **s/ S. Thomas Anderson**
                                             S. THOMAS ANDERSON
                                             UNITED STATES DISTRICT JUDGE

                                             Date: June 18, 2012.